IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  4:19-CR-00755-4 HEA |
| | ) | |
| JERELL HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION REQUESTING COURT INQUIRY INTO A POSSIBLE VIOLATION OF DEFENDANT'S SIXTH AMENDMENT RIGHTS**

COMES NOW undersigned counsel for the Defendant, and with the Defendant having been informed of the following information which affects his Constitutional rights, at his client's instruction, moves as follows:

1. The Sixth Amendment provides that an accused shall enjoy the right to counsel in all criminal prosecutions. U.S. Const. amend. VI. This provision "guarantees criminal defendants a meaningful opportunity to present a complete defense[.]" *United States v. Holmes*, 413 F.3d 770, 774 (8th Cir. 2005) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)).

2. The Sixth Amendment right to the effective assistance of counsel protects the attorney-client relationship from intrusion in the criminal setting. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974).

3. The Defendant has been made aware that an attorney member of the prosecution team recently contacted his prior attorney and made inquiries regarding defense counsel's work on the file prior to being replaced. On information and belief, those inquires sought the mental impressions of prior defense counsel, possible communications between the prior lawyer and the Defendant's current lawyer, and insights on trial strategy - information which would necessarily

have been informed by attorney work product, by communications with current counsel, and potentially attorney-client communications.

4. This contact between the prosecution team and former defense counsel was not disclosed by the government.

5. A defendant's Sixth Amendment rights may be violated by [government] intrusion into the attorney-client relationship. *Weatherford v. Bursey*, 429 U.S. 545 (1977). To establish a Sixth Amendment violation, a criminal defendant must show that the government knowingly intruded on the attorney-client relationship. *United States v. Singer*, 785 F.2d 228, 235 (8th Cir.1986).

6. Defendant requests the District Court conduct an on-the-record examination of the government to determine whether the Defendant's Sixth Amendment rights have been violated, specifically:

   a. Whether a member of the prosecution team contacted the Defendant's prior attorney.

   b. What specifically that member (or members) of the prosecution team asked prior counsel for the Defendant and whether a member of the prosecution team attempted to obtain privileged or protected information from that attorney.

   c. Whether a member of the prosecution team obtained any privileged or protected information from that attorney that might relate to defense strategy, trial strategy, work production, or confidential or protected conversations with the Defendant or Defendant's new counsel.

7.	If the information adduced at hearing indicates that the prosecution team knowingly intruded on the attorney-client relationship, Defendant requests leave to file additional briefing to assist the Court in tailoring a remedy which is appropriate to cure any violation of the Defendant's Sixth Amendment rights, including but not limited to dismissal of the indictment or removal and replacement of the entire prosecution team.

WHEREFORE Defendant requests the Court schedule and hold a hearing[1] to examine the prosecution team on the above enumerated topics; and for such further relief as the Court may deem just and proper in the premises.

NEWTON BARTH, L.L.P

By:	/s/ Talmage E. Newton IV
Talmage E. Newton IV, MO56647
talmage@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
(314) 272-4490 - Office
(314) 762-6710 - Facsimile

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was electronically served on all parties of record and filed with the court via the court's e-filing System on this 14th day of March, 2022.

/s/ T. E. Newton

---

[1] For purposes of scheduling a hearing, defense counsel is traveling outside of the St. Louis area from March 21 through March 25, 2022, and will be unavailable for any in-person appearances.