UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19 CR 755 HEA |
| JERELL HENDERSON, | ) |
| Defendant. | ) |

### GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the Defendant Jerell Henderson, represented by defense counsel Talmage Newton, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, the Defendant intends to enter a plea of guilty to Counts One, Two and Three of the indictment.

The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

Page **1** of **13**

JH

## 3. ELEMENTS:

**Count One.** As to Count One, the Defendant admits to knowingly violating Title 21, United States Code, Section 846, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1) On or about October 3, 2017, two or more persons reached an agreement or came to an understanding to possess with an intent to distribute controlled substances;

(2) Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

(3) At the time the Defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

(4) The agreement or understanding involved one or more controlled substances.

**Count Two.** As to Count Two, the Defendant admits to knowingly violating Title 18, United States Code, Section 924(o), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1) On or about October 3, 2017, two or more people reached an agreement to commit the crime of possession of a firearm in furtherance of a drug trafficking crime;

(2) The Defendant voluntarily and intentionally joined in the agreement;

(3) At the time the Defendant joined in the agreement, the Defendant knew the purpose of the agreement; and,

(4) While the agreement was in effect, a person or persons who had joined in the

JH

agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

**Count Three**. As to Count Three, the Defendant admits to knowingly violating Title 18, United States Code, Sections 924(c)(1)(A), 924(j)(1), and 2, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

(1) The Defendant, acting with others, committed the crime of conspiracy to possess with the intent to distribute controlled substances as set forth in Count One of the indictment;

(2) The Defendant, acting with others, knowingly possessed of a firearm in furtherance of that crime;

(3) Defendant, acting with others, discharged the firearm; and

(4) Defendant, acting with others, used the firearm to cause the death of victim L.P.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or about October 3, 2017, defendant conspired with co-defendants Kurt Wallace, Floyd Barber, Larenta Jones, and Stephan Jones to commit the offense of possession with the intent to distribute controlled substances. Defendant, knowing the purpose of the agreement and conspiracy, knowingly joined it while it was in effect. Among other things, Defendant aided and abetted co-defendants Stephan Jones, Larenta Jones, Floyd Barber and Kurt Wallace in drug trafficking within the federal jurisdiction of the Eastern District of Missouri. At various points throughout October 3, Defendant knew that one or more of his associates was also armed with a firearm. The United States and the Defendant ***disagree*** as to whether the Defendant also possessed a firearm.

JH

Later on October 3, 2017, Defendant and his associates made contact with co-defendant Kurt Wallace. Co-defendant Kurt Wallace entered the vehicle being utilized by the group and being driven by co-defendant Stephan Jones. Among other things, Defendant, co-defendant Kurt Wallace, and their associates, including Larenta Jones, Stephan Jones and Floyd Barber, came to an agreement and understanding that the group would return to the parking lot of 4739 Goodfellow Boulevard for the purpose of robbing victim L.P. of controlled substances, United States currency, and/or any other item of monetary value.

Sometime after 10:00 p.m. on October 3, Defendant, co-defendants Kurt Wallace, Larenta Jones, Stephan Jones and Floyd Barber returned by vehicle to the area near the parking lot of 4739 Goodfellow Boulevard. Prior to arrival on the parking lot at 4739 Goodfellow, Defendant and co-defendant Kurt Wallace exited the vehicle near the location where victim L.P. was parked. The United States and the Defendant *disagree* as to whether the Defendant possessed a firearm. Co-defendants Floyd Barber, Larenta Jones, and Stephan Jones proceeded to the parking lot in their vehicle.

Defendant observed co-defendant Floyd Barber approach and make contact with victim L.P. Co-defendant Floyd Barber eventually entered the front passenger seat of victim L.P.'s vehicle. Co-defendant Floyd Barber eventually waved his arm as a signal to Defendant and co-defendant Kurt Wallace. Once co-defendant Floyd Barber provided the signal, Defendant and co-defendant Kurt Wallace approached the driver's side of victim L.P.'s vehicle. The United States and the Defendant *disagree* as to whether the Defendant also possessed a firearm.

During the course of victim L.P.'s interaction with Defendant, co-defendant Kurt Wallace and co-defendant Floyd Barber, victim L.P. began to run away. Co-defendant Floyd Barber discharged his firearm at victim L.P. The Defendant and the United States *disagree* as to whether Defendant also discharged a firearm at victim L.P.

JH

Victim L.P. was shot and died as a result of the gunshot injuries. Among other things, Defendant, co-defendant Kurt Wallace, and/or co-defendant Floyd Barber recovered controlled substances and United States currency from victim L.P. and/or victim L.P.'s vehicle.

Defendant and co-defendants Kurt Wallace and Floyd Barber fled from the scene on foot after continuing to search victim L.P.'s vehicle. Defendant and co-defendants Kurt Wallace and Floyd Barber were eventually picked up by the vehicle being driven by co-defendant Stephan Jones. Co-defendant Larenta Jones was also present inside the vehicle. While inside the vehicle and among other things, co-defendants Kurt Wallace and Floyd Barber made statements confirming that each discharged a firearm at victim L.P.

## 5. STATUTORY PENALTIES:

**Count One**. The Defendant fully understands that the maximum possible penalty provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $1 million, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than 3 years.

**Count Two.** The Defendant fully understands that the maximum possible penalty provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

**Count Three**. The Defendant fully understands that the maximum possible penalty provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not less than 10 years nor more than life consecutive to any other sentence imposed, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than 3 years nor more than life.

The Defendant also fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least 10 years imprisonment to be served consecutive to any other sentence imposed.

### 6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that he following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a.  Offense Conduct:**

#### COUNT ONE

(1) **Base Offense Level**: The parties agree that the base offense level will be found in section 2D1.1(c). The parties agree that the converted drug weight for which the Defendant is personally accountable, including relevant conduct, is more than 1 gram and less than 2.5 kilograms of marijuana.

(2) **Specific Offense Characteristics**: The parties do not recommend any Specific Offense Characteristics.

#### COUNT TWO

(1) **Base Offense Level:** The parties agree that the base offense level is found in Section 2K2.1. The parties agree that the base offense level is found in Section 2K2.1 and depends on the nature of the firearm, the Defendant's criminal history and other factors therein, including whether or not the use of the firearm resulted in death.

JH

(2) **Chapter 2 Specific Offense Characteristics:** The parties agree that 4 levels should be added pursuant to Section 2K2.2(b)(6)(B) because Defendant conspired to possess or transfer a firearm with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, to-wit: drug trafficking and discharge of a firearm in furtherance of drug trafficking where death results and the death being a murder as defined by Title 18, United States Code, Section 1111.

Accordingly, application of the Sentencing Guidelines could include the application of Section 2K2.1(c)(1)(B) which provides that an offense involving first degree murder has a base offense level of 43.

### COUNT THREE

(1) **Base Offense Level**: The parties agree that the guideline sentence is found in Section 2K2.4(b) and the sentencing enhancement where death is caused through use of a firearm is found in Section 2A1.1(a). Section 2A1.1(a) provides that an offense involving first degree murder has a base offense level of 43.

(2) **Specific Offense Characteristics**: The parties do not recommend any Specific Offense Characteristics.

**b.    Estimated Total Offense Level:**

The parties make no estimate as to the estimated total offense level at this time. The parties reserve the right to provide an estimated total offense level at sentencing, after having had the opportunity to review the presentence investigation report.

**c. Criminal History:** The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable

JH

category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

**d. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

### 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which Defendant is pleading guilty and whether Defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** There is no waiver of appeal in connection with any sentencing issues.

**b. Habeas Corpus:** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including by way of collateral attack as to the constitutionality of a Title 18, United States Code, Section 924(c) conviction based upon the theory that Title 18, United States Code, Section 924(c)(3)(B) or any other portion of the statute is unconstitutionally vague, or one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

JH

**c. Right to Records:** The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

## 8. OTHER:

**a. Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $300, which the Defendant agrees to pay at the time of sentencing. Money paid by

JH

the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately. In addition, the Court may impose restitution (in addition to any penalty authorized by law) which will also be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The Defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g. Forfeiture:** The Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The Defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to

JH

require the government to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the government's case and any defenses.

The guilty plea could impact Defendant's immigration status or result in deportation. In particular, if any crime to which Defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the Defendant of the possible immigration consequences, including deportation, resulting from the plea.

JH

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the Defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice.

JH

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

04-04-2022
Date

_____
Ricardo Dixon
Thomas Rea
Assistant United States Attorneys

04-4-2022
Date

_____
Jerell Henderson
Defendant

April 4, 2022
Date

_____
Talmage Newton
Counsel for Defendant

JH